IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL A. FISCUS III, )
 )
 Plaintiff, )
 )
v. ) Case No.: 21-1127-EFM-KGG
 )
JOE SALAZAR, )
LACI M. SALAZAR, )
 )
 Defendants. )
_____)

**MEMORANDUM & ORDER**

Now before the Court is Plaintiff's "Motion for Disqualification and Further Sanctions" in which he seeks to have defense counsel Martin Bauer disqualified from this case. (*See generally* Doc. 35.) For the reasons stated herein, Plaintiff's motion is **DENIED**.

"Disqualification of an attorney destroys an attorney-client relationship and deprives a party of representation of its own choosing and, therefore, should be reviewed 'with extreme caution.'" ***Portfolio Recovery Assocs., LLC v. Dixon***, 366 P.3d 245, 254, 52 Kan.App.2d 365 (2016) (citations omitted). ***LeaseAmerica Corp. v. Stewart***, 19 Kan.App.2d 740, 750, 876 P.2d 184 (1994)). "The right to be represented by counsel of choice is an important one, subject to override only upon

1

a showing of compelling circumstances." ***Chapman Engineers v. Natural Gas Sales Co.***, 766 F.Supp. 949, 954 (D. Kan. 1991).

> The decision to disqualify an attorney chosen by a party to represent him in a lawsuit is of serious concern and the [court's] inherent power to do so should only be exercised where the integrity of the adversary process is threatened. Even then, the court should not act unless 'the offending attorney's conduct threatens to 'taint the underlying trial with a serious ethical violation.'

***Chrispens v. Coastal Refining & Mktg., Inc.***, 257 Kan. 745, 772–73, 897 P.2d 104 (1995) (citations omitted). *See also* ***Beck v. Bd. of Regents of State of Kan.****,* 568 F.Supp. 1107, 1110 (D.Kan.1983). Thus, the inquiry is whether the alleged malfeasance of defense counsel threatened the integrity of the adversary process. ***Portfolio Recovery Assocs.***, 366 P.3d at 254.

Plaintiff contends that defense counsel has not discharged his "duty to behave in a manner that reflects civility, courtesy, and consideration, and to campaign against unethical activity such as dishonesty, fraud, deceit, misrepresentation, and all adverse misconduct." (*Id*., at 2 (citations omitted).) Plaintiff's complaints appear largely to be based on Defendants' briefing in support of their Motions to Dismiss and Motion to Enforce, as well as their response to Plaintiff's Motion for Preliminary Injunction. (*See generally* Doc. 35; *see also* Docs. 7, 21, 24, 31, 34.)

Defendants respond that "[n]othing [Plaintiff] has presented to this Court warrants disqualification of defense counsel or any other sanction." (Doc. 36, at 2.) According to Defendants, Plaintiff is merely unsatisfied with prior court rulings and "is attempting to forum shop and litigate his way into a different outcome," part of which "is apparently to try to select a new attorney for the defendants, an unnecessary and unwarranted expense." (*Id*.) Defendants contend that "[t]his is not a proper use of this Court's judicial resources or of the rules of civil procedure." (*Id*.)

The Court agrees with Defendants that nothing presented by Plaintiff would warrant disqualification or sanction of counsel. Litigation is, by its very nature, an adversarial process. As a result, the parties will often disagree – and frequently dislike – positions and arguments taken by their opposition. This is not in and of itself sanctionable. Defense counsel is merely advocating for his clients who find themselves in opposition to Plaintiff. Defense counsel has not threatened the integrity of the adversarial process. The Court sees nothing unethical, dishonest, fraudulent, or deceitful in defense counsel's arguments and statements to the Court. Plaintiff's motion is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion for Disqualification and Further Sanctions" (Doc. 35) is **DENIED**.

IT IS SO ORDERED.

Dated this 13th day of September, 2021, at Wichita, Kansas.

/S Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE