## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Paul A. Fiscus, III,

                *Plaintiff,*

vs.                                                                    Case No. 21-1127-EFM-KGG

Joe R. Salazar, Laci M. Salazar,

                *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Paul A. Fiscus, III, proceeds pro se asserting that his parental rights were wrongly terminated after the adoption of his infant child. Plaintiff sues the adoptive couple, Defendants Joe and Laci Salazar, seeking restoration of his parental rights, full custody of his child, and damages. There are multiple motions pending before the Court. Defendants have filed a Motion to Dismiss Amended Complaint (Doc. 30) and a Motion to Enforce Rule 5.2 and a Motion for Disclosure (Doc. 24). Plaintiff has filed a Motion for Preliminary Injunction (Doc. 18), a Motion to Expedite Preliminary Injunction (Doc. 26), and an Objection to Magistrate Judge's Denial of Motion (Doc. 40). Because the Court lacks subject matter jurisdiction over Plaintiff's claims, the Court grants Defendants' Motion to Dismiss and denies the parties' remaining motions as moot.

### I.        Factual and Procedural Background[1]

Plaintiff alleges that in 2018, the mother of Plaintiff's child informed him that she was

---

[1] The facts are taken from Plaintiff's Amended Complaint.

pregnant.  She later admitted that she was not sure who was the child's father.  Plaintiff and the mother began making plans to co-parent assuming he was the father.  However, later in the pregnancy, the mother informed Plaintiff that she did not want anything from him and ceased all communications.

After the child was born, Defendants filed petitions for adoption of the child and termination of Plaintiff's parental rights in Sedgwick County District Court.  Plaintiff contested the petitions.  In March 2019, the district court terminated Plaintiff's parental rights.  Plaintiff appealed the district court's decision to the Kansas Court of Appeals and the Kansas Supreme Court, both of which affirmed the district court's ruling. Plaintiff then filed a petition for writ of certiorari to the United States Supreme Court, which the Supreme Court denied in March 2021.[2]

Plaintiff initiated this lawsuit in May 2021 and filed an Amended Complaint three months later.  The Amended Complaint primarily challenges the Sedgwick County district court's decision to terminate his parental rights and the Kansas appellate courts' affirmance of that decision.  Additionally, Plaintiff asserts that Defendants are liable for the following claims: civil conspiracy, "tortious interference with parental rights and wrongful family separation in unbefitting adoption procedures," intrinsic fraud, "factual cause in the adoption moving forward without basis," "conversion and unjust enrichment in unlawful dominion," "constructive fraud in unfair advantage," "intentional infliction of emotional distress with aim towards Plaintiff's removal," "false light in misleading statements," and "obstructing interests protected by consortium."  In his request for relief, Plaintiff asks the Court to void the adoption, restore his parental rights, award him full custody of the child, and grant him compensatory damages for

---

[2] *In re Adoption of Baby Girl G.*, 2019 WL 6223121 (Kan. Ct. App. Nov. 22, 2019), *aff'd*, 311 Kan. 798, 466 P.3d 1207 (2020), *cert. denied*, 141 S. Ct. 1463 (2021), *reh. denied*, 141 S. Ct. 1464 (2021).

lost wages and out-of-pocket expenses in the amount of $28,000 and punitive damages.

## II.    Legal Standard

Under Rule 12(b)(1), the Court may dismiss a complaint based on a lack of subject matter jurisdiction.[3]  "Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction."[4]  The plaintiff bears the burden of showing that jurisdiction is proper by a preponderance of the evidence.[5]  "Mere conclusory allegations of jurisdiction are not enough."[6]

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[7]  A pro se litigant is entitled to a liberal construction of his pleadings.[8]  If the Court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, the Court should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with pleading requirements.[9]  However, it is not the proper role of the district court to "assume the role of advocate for the pro se litigant."[10]

---

[3] Fed. R. Civ. P. 12(b)(1).

[4] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[5] *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (citation omitted).

[6] *United States ex rel Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 798 (10th Cir. 2002) (internal quotation marks and citation omitted).

[7] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[8] *See Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id.*

### III.    Analysis

Defendants argue that Plaintiff's Amended Complaint must be dismissed because the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.   The *Rooker-Feldman* doctrine precludes federal district courts from exercising subject matter jurisdiction over state court decisions.[11]  "The doctrine prevents a party that lost in state court from seeking 'what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights.' "[12]  In addition to claims actually decided by a state court, the doctrine also applies to "claims inextricably intertwined with a prior state-court judgment."[13]  A claim is inextricably intertwined when "the state court judgment caused, both actually and proximately, the injury for which the plaintiff seeks redress."[14]  Finally, state court proceedings must be concluded for the *Rooker-Feldman* doctrine to apply.[15]

Here, Plaintiff is seeking what in substance would be appellate review of the state court judgment in his parental rights case.   Almost all the allegations in his Amended Complaint challenge the evidentiary findings that supported the district court's decision to terminate his parental rights, and the primary injury he seeks to recover from is the loss of those rights. "Where [the] plaintiff claims that but for the judgment in state court, []he would not have suffered the injury for which []he seeks redress in federal court, *Rooker-Feldman* bars the

---

[11] *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006).

[12] *Green v. Kansas City Juvenile Court*, 2019 WL 4241123, at *3 (D. Kan. 2019) (quoting *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994)).

[13] *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017) (quoting *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006)).

[14] *Green*, 2019 WL 4241123, at *3.

[15] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

action."[16]   Additionally, Plaintiff's state court case has concluded, as he presented arguments before the Kansas Court of Appeals, the Kansas Supreme Court, and the United States Supreme Court.   Therefore, *Rooker-Feldman* prevents the Court from exercising jurisdiction over Plaintiff's claims.

The Court's conclusion is bolstered by the Tenth Circuit's decision in *Atkinson-Bird v. Utah Division of Child & Family Services.*[17]   The plaintiff in that case lost custody of her biological children in a state court proceeding.[18]   She then sued the Utah Division of Child and Family Services and other state employees under 42 U.S.C. §§ 1983 and 1985.[19]   In her prayer for relief, the plaintiff first requested, "[t]he immediate return of ALL 6 of my children."[20]   The district court dismissed her claims for lack of jurisdiction under the *Rooker-Feldman* doctrine.[21]   The district court found that "plaintiff's complaint directly asks this court to overturn state court child custody decisions," that "plaintiff asks for damages for matters that were found to be proper under state law," and that "to adjudicate plaintiff's claim would, of necessity, involve the court in relitigating the various child custody issues and, potentially, second-guessing state court decisions on these matters."[22]   The plaintiff appealed the dismissal and the Tenth Circuit affirmed the district court's decision.[23]

---

[16] *Green*, 2019 WL 4241123, at *3 (citation omitted).

[17] 92 F. App'x 645 (10th Cir. 2004).

[18] *Id*. at 646.

[19] *Id*. at 646-47.

[20] *Id*. at 646.

[21] *Id*.

[22] *Id*. at 647 (internal quotation marks omitted).

[23] *Id*. at 646.

Here, as in *Atkinson-Bird*, Plaintiff's prayer for relief begins with a request to undo the state court judgment.  Plaintiff asks the Court to "void" the adoption, restore his parental rights, and grant him full custody of the child before he asks for any damages.  Additionally, like the plaintiff in *Atkinson-Bird*, Plaintiff is seeking damages "for matters that were found to be proper under state law" and the adjudication his claims would "of necessity, involve the court in relitigating the various child custody issues and, potentially, second-guessing state court decisions on these matters."[24]  As discussed above, the essence of the Amended Complaint is that the state court erred in terminating Plaintiff's parental rights.  Accordingly, *Atkinson-Bird* provides further support that the Court lacks jurisdiction under the *Rooker-Feldman* doctrine.

Because the Court lacks subject matter jurisdiction, it grants Defendants' Motion to Dismiss.[25]  Defendants' Motion to Enforce Rule 5.2 and Motion for Disclosure, Plaintiff's Motion for Preliminary Injunction, and Plaintiff's Motion to Expedite Preliminary Injunction are accordingly denied as moot.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Amended Complaint (Doc. 30) is **GRANTED**.  Plaintiff's claims are dismissed without prejudice to refiling in state court.[26]

---

[24] *Id*. at 647.

[25] In the alternative, Plaintiff's Amended Complaint must be dismissed because the Court lacks subject matter jurisdiction under 18 U.S.C. § 1331 and § 1332.  Both Plaintiff and Defendants are Kansas residents, and thus the Court lacks diversity jurisdiction.  18 U.S.C. § 1331.  Plaintiff also has not established federal question jurisdiction.  Plaintiff generally asserts that jurisdiction arises from multiple federal statutes, including 42 U.S.C. §§ 1983, 1985, 1986, and 1988 and 28 U.S.C. § 1343, but Plaintiff does not sufficiently allege a violation of any of these statutes.  Aside from challenging the sufficiency of evidence in his parental rights case, the Amended Complaint generally asserts state law tort claims.  Therefore, the Court lacks federal question jurisdiction.  18 U.S.C. § 1332.

[26] *See Atkinson-Bird*, 92 F. App'x at 648 (stating that where the *Rooker-Feldman* doctrine applies, a federal court lacks jurisdiction to reach the merits, and thus, must dismiss the case without prejudice to refiling in state court).

**IT IS FURTHER ORDERED** that Defendants' Motion to Enforce Rule 5.2 and Motion for Disclosure (Doc. 24) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Preliminary Injunction (Doc. 18), Plaintiff's Motion to Expedite Preliminary Injunction (Doc. 26), and Plaintiff's Objection to Magistrate Judge's Denial of Motion (Doc. 40) are **DENIED AS MOOT.**

**IT IS SO ORDERED**.

This case is closed.

Dated this 16th day of September, 2021, in Wichita, Kansas.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE