# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PAUL A. FISCUS III,

    *Plaintiff,*

vs.

JOE R. SALAZAR,
LACI M. SALAZAR,

    *Defendants.*

Case No. 21-1127-EFM-KGG

## MEMORANDUM AND ORDER

Pro se Plaintiff Paul A. Fiscus brought an action against Defendants Joe and Laci Salazar alleging that his parental rights were wrongly terminated after the adoption of his infant child. On August 12, 2021, Defendants filed a Motion to Dismiss, which the Court granted on September 16. The Court then entered judgment against Plaintiff. This matter comes before the Court on Plaintiff's Motion for Reconsideration (Doc. 43). For the reasons discussed below, Plaintiff's motion is denied.

### I.     Legal Standard

Local Rule 7.3 governs motions to reconsider.[1] "The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party

---

[1] D. Kan. R. 7.3.

produces new evidence that could not have been obtained through the exercise of due diligence."[2] A motion to reconsider is not an appropriate method for a party to revisit issues already addressed or to advance new arguments and supporting facts that were originally available.[3] In other words, "[a] party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider."[4]

The decision regarding whether to grant or to deny a motion for reconsideration is left within the sound discretion of the district court.[5] Because Plaintiff appears pro se in this case, the Court must liberally construe his pleadings,[6] but such liberal construction does not relieve the plaintiff of his burden to demonstrate that reconsideration is proper.[7]

## II.     Analysis

Plaintiff fails to meet the standard for reconsideration of the Court's Order of dismissal. A motion for reconsideration does not "permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier."[8] It is not an appropriate tool to "advance arguments that could have been raised in prior briefing."[9]  Here,

---

[2] *Eissa v. Aetna Life Ins. Co.*, 2011 WL 3611492, at *1 (D. Kan. 2011) (quoting *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992)).

[3] *Id*.

[4] *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (quoting *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)).

[5] *Vanlerberghe v. Apfel*, 2000 WL 360104, at *1 (D. Kan. 2000) (citations omitted).

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *See id*.

[8] *Anderson v. Equifax Info. Servs. LLC*, 292 F. Supp. 3d 1211, 1214 (D. Kan. 2017) (citations omitted).

[9] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Plaintiff revisits his grievances with prior state court judgments and reasserts arguments that he already made in response to Defendants' Motion to Dismiss. He also argues that the Court misapplied the *Rooker-Feldman* doctrine, raising new legal arguments that he could have asserted in response to the Motion to Dismiss.[10] Therefore, Plaintiff provides the Court with no basis to overturn its prior judgment, and his motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 43) is **DENIED.**

**IT IS SO ORDERED**.

Dated this 30th day of November, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[10] Plaintiff argues that *Rooker-Feldman* is inapplicable to this case because the state court judgment is "void *ab initio*" and because *Rooker-Feldman* directly contradicts 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1985. Plaintiff's argument is misguided. The state court judgment at issue in this case is not "void *ab initio*." And, Plaintiff offers no support for the argument that *Rooker-Feldman* directly contradicts 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1985. In fact, in *Atkinson-Bird v. Utah Division of Child & Family Services*, the Tenth Circuit upheld the dismissal of a claim under 42 U.S.C. § 1985 based on the *Rooker-Feldman* doctrine. 92 F. App'x 645, 646 (10th Cir. 2004). Therefore, even if the Court were to consider Plaintiff's arguments, they are meritless.